[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTIONS TO SUPPLEMENT RECORD
 I
The defendant, the Planning Zoning Commission of the Town of Guilford ("the commission"), seeks to supplement the record in the above-captioned matter by inclusion of the following documents:
1. An application for special permit for planned residential development (PRD) filed on behalf of Walden III on May 15, 1973.
2. A letter dated June 19, 1973 from the commission's secretary, Craig W. Bonnett, notifying the Walden III applicant of approval by the commission of the said May 15, 1973 application.
3. An application for final approval, filed by Walden III on December 3, 1973.
4. A letter dated January 22, 1974 from the commission's secretary, Craig W. Bonnett, notifying the Walden III applicant of approval by the commission of the said December 3, 1973 application.
The plaintiff, Omnipoint Communications, Inc.("Omnipoint"), objects to the inclusion in the record of each of the above-listed items. A hearing on the defendant's motions to supplement the record was held on June 13, 2001.
 II
Pursuant to General Statutes, § 8-8 (j) the court shall allow any party to introduce evidence in addition to the contents of the record if ". . . (2) it appears that additional testimony is necessary for the CT Page 11418 equitable disposition of the appeal."
On October 4, 2000, the commission voted to deny Omnipoint's application for special permit. The commission gave as its reason for denial:
 "This application is denied based on the following findings of fact: The proposed location of the Tower is on Open Space in the Walden III PRD. The Walden III PRD special permit application, submitted to the Commission in 1973, expressly provides that this open space will be preserved in its natural state, undisturbed with no building permitted thereon. Said open space was approved by the Commission on June 18, 1973, as land which would be conserved and retained in its natural condition, undisturbed, with no building permitted thereon, in accordance with § 273-84E of the Guilford Zoning Code.
"Because of the foregoing, the Commission does not address the other significant regulatory zoning issues presented by the application."
In order equitably to dispose of the instant appeal, the court is required, inter alia, to test the accuracy of the defendant commission's findings of fact. To do so, the court must determine what open space restrictions, if any, are imposed on the subject property. Accordingly, it appears to the court that the addition to the record of the four documents proffered is necessary for the equitable disposition of this appeal. The plaintiffs objection is overruled and the defendant's motions to supplement the record are granted.
By the Court,
Downey, J.T.R.